FILED
JUN 3 0 2008
Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DARREN LAMONT KEYS, )
)
Plaintiff, )
)
v. ) Civil Action No. 08 1145
)
UNITED STATES OF AMERICA, )
)
Defendant. )

## MEMORANDUM OPINION

The plaintiff, a federal prisoner, has filed a *pro se* complaint and an application to proceed *in forma pauperis*. The Court will grant the application to proceed *in forma pauperis*. The Court will dismiss the complaint under the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994).

Plaintiff seeks a declaratory judgment and damages for civil rights violations stemming from an alleged breach of a plea agreement. Plaintiff alleges that federal prosecutors and a federal agent breached a plea agreement, resulting in a conviction for which he is currently serving sentence. In addition to damages, he seeks to secure enforcement of the plea agreement, withdrawal of his guilty plea, dismissal of the prosecutors and agent, and a declaratory judgment. The face of the complaint indicates that he previously filed a motion under 28 U.S.C. § 2255, which was denied.

In *Heck v. Humphrey*, the Supreme Court directed that "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his

conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." 512 U.S. at 487. Here, a judgment for the plaintiff on the wrongs he alleges would imply that his conviction is invalid. The plaintiff has not demonstrated that his conviction or sentence has already been invalidated. Therefore, under the rule in *Heck v. Humphrey*, plaintiff's civil rights claim for damages, as well as any contract claim for damages from the alleged breach of the plea agreement, must be dismissed.

A separate order accompanies this memorandum opinion.

Date: 6/23/08

/s/ Ricardo M. Urbina
United States District Judge